# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2025-CA-00322-COA

**MILTON FARMS INC.**                                                          **APPELLANT**

**v.**

**MAYOR COPEY GRANTHAM AND THE CITY**                       **APPELLEES**
**OF SALTILLO, MISSISSIPPI**

| | |
|---|---|
| DATE OF JUDGMENT: | 09/17/2024 |
| TRIAL JUDGE: | HON. KELLY LEE MIMS |
| COURT FROM WHICH APPEALED: | LEE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | THOMAS A. WICKER |
| ATTORNEYS FOR APPELLEES: | WILTON V. BYARS III |
| | LAUREN ELIZABETH WARD |
| NATURE OF THE CASE: | CIVIL - TORTS-OTHER THAN PERSONAL INJURY & PROPERTY DAMAGE |
| DISPOSITION: | AFFIRMED - 06/30/2026 |
| MOTION FOR REHEARING FILED: | |

**BEFORE CARLTON, P.J., WESTBROOKS AND LASSITTER ST. PÉ, JJ.**

**WESTBROOKS, J., FOR THE COURT:**

¶1.    Milton Farms Inc. is one of several developers with an interest in a proposed subdivision of approximately 200 homes named Cross Creek Estates ("Cross Creek") outside the city limits of Saltillo in Lee County. In 2016, the Mississippi Public Service Commission (the Commission) granted the City of Saltillo the exclusive right to provide water services to a geographical area encompassing the proposed subdivision, rejecting the competing petition of Euclatubba Utilities Inc. ("Euclatubba"), a company formed by other developers of Cross Creek.[1] In 2022, Milton Farms requested water and sewer services for 206 proposed

---

[1] *See* Miss. Code Ann. § 77-3-3(d)(iv) (Supp. 2024).

subdivision lots. Saltillo responded with a letter indicating that it would serve up to 20 homes with water but with no sewer service. Milton Farms sued Saltillo and its mayor in his official capacity, asserting claims of misrepresentation and wrongful interference with Milton Farms' prospective and current contractual and business relationships. The circuit court dismissed the case with prejudice under Mississippi Rule of Civil Procedure 12(b)(6). We affirm the dismissal.

**FACTS**

¶2.     In 2014, Euclatubba Utilities petitioned the Commission for a certificate of public convenience and necessity to construct, operate, and maintain a water system for the area encompassing the proposed Cross Creek subdivision. Cross Creek would be located approximately one-half mile from the municipal boundary of Saltillo. Saltillo moved to intervene and ultimately filed a competing petition, seeking a certificate for several areas adjacent to Saltillo's existing certified areas, one of which included the Cross Creek location.[2]

¶3.     In May 2016, following an evidentiary hearing, the Commission adopted the recommendation of the hearing examiner and granted an exclusive certificate to Saltillo.[3] Saltillo proposed to serve the new area by constructing a new twelve-inch water line connecting to the city's existing eight-inch line north of their elevated water storage tank.

---

[2] The competing proceedings were consolidated.

[3] Municipalities are not required to obtain a certificate for the extension of municipal facilities within one mile of the municipal corporate boundaries. Miss. Code Ann. §77-3-11(1) (Supp. 2024). However, a certificate is required for an *exclusive* right to operate within one mile and for any portions of the development that exceed one mile.

2

The Commission's adopted recommendation finding that the public convenience and necessity was better served by granting the certificate to Saltillo stated in part:

> The majority of the subdivision is located less than one mile from the Saltillo municipal boundary, and the City has produced credible evidence that it is currently able and ready to upgrade its system and extended its existing infrastructure to serve the area.

Saltillo's proposed infrastructure improvements were significantly cheaper than those proposed by Euclatubba. The Commission further accepted the testimony of Saltillo's expert related to capacity and water pressure standards. Euclatubba appealed the Commission's final order to the Chancery Court of Lee County in June 2016.

¶4. In 2017, some of the developers sued Saltillo and its mayor, asserting that Saltillo misrepresented to the Commission its ability to supply water to the proposed subdivision and that Saltillo wrongfully interfered with their prospective and existing contractual and business relationships.[4] Saltillo moved to dismiss, arguing that the court lacked subject matter jurisdiction, that the case was not ripe given the pending chancery appeal, that Milton Farms failed to state facts supporting the alleged torts, and that there were procedural deficiencies related to the Mississippi Tort Claims Act ("MTCA"), including failure to comply with the statutory notice-of-claim requirements. The circuit court granted the motion to dismiss, and the plaintiffs did not appeal the dismissal.

¶5. In July 2022, while the appeal from the Commission proceedings was still pending but inactive in chancery court, Milton Farms submitted a "will serve" letter to Saltillo

---

[4] The case was styled *Nelson v. Mayor & City of Saltillo* in Cause No. 41CI1:17-cv-00044 in the Lee County Circuit Court.

3

requesting connections for the proposed development. The letter asserted that the project has been on hold for several years due to the lack of waterworks services. Saltillo responded with a letter stating: "The City of Saltillo will serve the above referenced development with water service for up to 20 homes. This does not include sewer service."

¶6. In August 2023, Milton Farms filed the instant complaint. The complaint alleged in part:

> This action is brought pursuant to § 11-46-1, et seq (Mississippi Code of 1972, as amended), also known as the Mississippi Tort Claims Act, for recovery of damages incurred as a result of said Mayor and City's intentional and/or negligent misrepresentations, as well as their malicious interference with the claimants' prospective and existing contractual and business relationships, the said interference being intentional and without right or justification.

The attached "Notice of Claim" asserted that Milton Farms was seeking damages as a "result of said Mayor and City's intentional and/or negligent failure to provide water and sewer services as required by statute and by Order of the Public Service Commission[.]" The notice further asserted that the Defendants "have and continue to exercise control over private property belonging to the Complainant without due process of law[.]"

¶7. In September 2023, the Defendants filed a motion to dismiss, arguing lack of subject matter jurisdiction over intrastate public utility services, failure to state facts that would support the asserted causes of action, and failure to comply with the notice-of-claim requirements of the MTCA, and the Defendants further argued that the claims are barred by the MTCA's one-year statute of limitation and that the Defendants were entitled to discretionary function immunity. In light of the still-pending appeal of the Commission proceedings in chancery court, the circuit court action was stayed. After the chancery court

4

dismissed Euclatubba's appeal from the Commission proceedings for failure to prosecute, the circuit court lifted the stay and entered an order dismissing the case with prejudice in September 2024.[5]

¶8.     Milton Farms now appeals following the denial of its motion to reconsider.

## STANDARD OF REVIEW

¶9.     "A motion to dismiss under Rule 12(b)(6) of the Mississippi Rules of Civil Procedure raises an issue of law, which is reviewed under a de novo standard." *Rose v. Tullos*, 994 So. 2d 734, 737 (¶11) (Miss. 2008). "When reviewing a dismissal under 12(b)(6), allegations in the complaint must be accepted as true." *Doby v. S. Park Vill. Apartments*, 415 So. 3d 602, 604 (¶5) (Miss. 2025). "A motion to dismiss under the rule should not be granted unless, taking the factual allegations of the complaint as true, 'it appears beyond any reasonable doubt that the non-movant can prove no set of facts in support of the claim which would entitle them to relief.'" *Spiers v. Oak Grove Credit LLC*, 328 So. 3d 645, 652 (¶18) (Miss. 2021) (quoting *Bowden v. Young*, 120 So. 3d 971, 975 (¶11) (Miss. 2013)).

## DISCUSSION

¶10.    The circuit court's order did not specify which of the many argued grounds constituted a basis for dismissal of the action with prejudice. However, similar to its opposition to the motion to dismiss in the trial court, Milton Farms' appellate brief exclusively raises its claim of malicious interference with its prospective contractual and business relationships.[6] It

---

[5] The court originally set a hearing for the motion but ultimately found that a hearing was not necessary.

[6] The analysis section of Milton Farms' principal brief is three pages long.

5

argues that "[t]he core of the Plaintiff's claim against the Defendants is that their actions wrongfully interfered with efforts of Plaintiff and his joint venturers to develop the subdivision." It then outlines the elements for wrongful interference, which are:

> (1) that the acts were intentional and willful; (2) that they were calculated to cause damage to the plaintiff in his/her lawful business; (3) that they were done with the unlawful purpose of causing damage and loss, without right or justifiable cause on the part of the defendant (which acts constitute *malice*); (4) that actual damage or loss resulted, and (5) the defendant's acts were the proximate cause of the loss or damage suffered by the plaintiff.

*Scruggs, Millette, Bozeman & Dent P.A. v. Merkel & Cocke P.A.*, 910 So. 2d 1093, 1098-99 (¶23) (Miss. 2005) (emphasis added).

¶11.    If the case were permitted to proceed, Milton Farms asserts that it "would be able to produce facts demonstrating that the reason for the denial or limitations of service were to intentionally prevent development of the subdivision" because the Defendants "wanted to prevent further development outside the city limits in Lee County." Milton Farms cites *Reverie Boutique LLC v. City of Waynesboro*, 282 So. 3d 1273, 1280 (¶39) (Miss. Ct. App. 2019), a case in which this Court determined that a claim against a city for failure of basic maintenance of the sewer system could proceed under the MTCA. Milton Farms argues that if "a claim for negligence can be maintained with regard to the operation of a utility, how much more should a claim of malicious and intentional interference be permitted where service is denied for reasons that are not lawful."

¶12.    The complaint, which invokes the MTCA, alleges the tort of malicious interference with contractual and business relationships by Saltillo and by its mayor for actions done "in his official capacity." "As a matter of law, malice-based torts do not fall under the

6

Mississippi Tort Claims Act's sovereign-immunity waiver." *Univ. of Miss. Med. Ctr. v. Oliver*, 235 So. 3d 75, 77 (¶2) (Miss. 2017); Miss. Code Ann. § 11-46-5(1) (Supp. 2023). Therefore, a malice-based tort cannot be brought against a governmental entity "or its employees in their *official* capacity." *Id.* (emphasis in original). "Tortious interference with business relations and contracts requires proof of malice as an essential element." *Zumwalt v. Jones Cnty. Bd. of Sup'rs*, 19 So. 3d 672, 688 (¶84) (Miss. 2009). "Therefore, the MTCA does not apply to these torts, and any legal action against a governmental employee for these intentional torts must necessarily proceed against him or her as an individual." *Id.*; *see also Springer v. Ausbern Constr. Co.*, 231 So. 3d 980, 982 (¶3) (Miss. 2017).

¶13.    Per the well-established precedent outlined above, Milton Farms cannot maintain a suit for malicious interference against a municipality or its employees acting in their official capacity. The Defendants argue that Milton Farms failed to state facts supporting a claim of wrongful interference. They assert that the reasons for infrastructure delay include Milton Farms' failure to provide assurances that the subdivision would actually be built, that the developers refused to pay a tap fee for each individual customer's service line, and that the developers would not execute a performance guarantee agreement and a performance bond letter of credit. The Defendants also assert that Saltillo expressed a willingness to surrender its exclusive certification.[7] They argue that the litigation "amounts to a regulatory dispute impermissibly disguised as a Mississippi Tort Claims Act claim" and that the developers should have pursued the appeal from the Commission instead of letting it remain dormant

---

[7] Milton Farms claims that this offer was conditioned on it dropping the instant litigation.

for eight years.[8]

¶14.    Regardless of whether the Defendants' arguments are persuasive, they are preempted by the general exception of malice-based torts from the waiver of sovereign immunity under the MTCA. The claim falls outside the scope of the MTCA, and the governmental Defendants are therefore entitled to immunity.

**CONCLUSION**

¶15.    The trial court correctly determined that Rule 12(b)(6) grounds existed for dismissing Milton Farms' complaint with prejudice. The MTCA does not waive the government's sovereign immunity for malice-based torts. Accordingly, the judgment of the Circuit Court of Lee County is affirmed.

¶16.    **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., McDONALD, LAWRENCE, McCARTY, EMFINGER AND LASSITTER ST. PÉ, JJ., CONCUR. WEDDLE, J., NOT PARTICIPATING.**

---

[8] The Defendants additionally argue that Milton Farms' failure to address any of the additional grounds for dismissal in both its trial and appellate briefing operates as a waiver of any challenge to the dismissal on those grounds. *See Brown v. Blue Cane Cowart Tippo Water Assoc. Inc.*, 309 So. 3d 478, 486 (¶30) (Miss. Ct. App. 2019).